| | |
|---|---|
| **LOCKS LAW FIRM**<br>**BY: MARC P. WEINGARTEN, ESQUIRE**<br>**IDENTIFICATION NO. 23718**<br>**TIMOTHY A. BURKE, ESQUIRE**<br>**IDENTIFICATION NO. 320927**<br>**601 WALNUT STREET SUITE 720E**<br>**PHILADELPHIA, PA 19106**<br>**(215) 893-3401**<br>**tburke@lockslaw.com** | **UNITED STATES DISTRICT COURT**<br>**FOR THE WESTERN DISTRICT OF**<br>**PENNSYLVANIA** |

| | | |
|---|---|---|
| **VIVIAN R. LINGENFELTER-REPIQUE**<br>3188 Carvins Cove Rd.<br>Salem, VA 24153 | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | **NO.:** |
| **PHILIP REPIQUE**<br>3188 Carvins Cove Rd.<br>Salem, VA 24153 | : | |
| **Plaintiffs** | : | |
| vs. | : | |
| **HENOK B. BERHE**<br>201  McAndrews Rd. W. Apt. 2<br>Burnsville, MN 55337 | : | |
| **NTO EXPRESS, LLC**<br>415 E. Airport Fwy. Suite 330<br>Irving, TX 75061 | : | |
| **Defendants** | : | |

| | | |
|---|---|---|
| **LOCKS LAW FIRM**<br>**BY: MARC P. WEINGARTEN, ESQUIRE**<br>**IDENTIFICATION NO. 23718**<br>**TIMOTHY A. BURKE, ESQUIRE**<br>**IDENTIFICATION NO. 320927**<br>**601 WALNUT STREET SUITE 720E**<br>**PHILADELPHIA, PA 19106**<br>**(215) 893-3401**<br>**tburke@lockslaw.com** | | **UNITED STATES DISTRICT COURT**<br>**FOR THE WESTERN DISTRICT OF**<br>**PENNSYLVANIA** |

| | : | |
|---|---|---|
| **VIVIAN R. LINGENFELTER-REPIQUE and** | : | **JURY TRIAL DEMANDED** |
| **PHILIP REPIQUE, h/w** | : | |
| | : | **NO.:** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | |
| | : | |
| **HENOK B. BERHE, et al.** | : | |
| | : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT

## PARTIES

1. Plaintiff Vivian Lingenfelter-Repique (hereinafter "Ms. Lingenfelter-Repique") is a resident of the Commonwealth of Virginia, residing at the address listed in the caption of this complaint.

2. Plaintiff Philip Repique (hereinafter "Mr. Repique") is a resident of the Commonwealth of Virginia, residing at the address listed in the caption of this complaint.

3. Defendant, NTO Express, LLC (hereinafter "NTO") is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania and regularly conducts business in Pennsylvania, with a business address listed in the caption of this complaint.

4. Defendant Henok Behre (hereinafter "Mr. Behre") is a resident of the State of

1

Minnesota, residing at the address listed in the caption of this complaint.

5. At all times relevant hereto, defendant Mr. Berhe was an agent, servant, and/or employee of defendant NTO Express LLC, acting within the scope of his agency.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and subject matter of this Civil Action Complaint in that the Plaintiffs are all citizens of Virginia and the Defendants are citizens of Minnesota and Texas, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $150,000.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a)(1) and (2) in that a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this federal jurisdictional district.

## FACTS

8. Ms. Lingenfelter-Repique, and Mr. Repique were severely and permanently injured when their 2011 blue Mazda 3 series was struck by a negligently-operated tractor trailer that was owned by Defendant Mr. Behre and operated on behalf of Defendant NTO Express by its employee, agent, and/or ostensible agent Defendant Mr. Behre.

9. Upon information and belief, the subject tractor (a 2012 Great Dane Trailer, bearing a Minnesota license plate of PAR4169) was owned by Defendant Mr. Behre and being operated on behalf of Defendant NTO Express, LLC by its employee, agent, and/or ostensible agent Defendant Mr. Behre who was, at all material times, acting within the course and scope of his employment and/or agency for Defendant NTO Express.

10. Defendant NTO Express is vicariously liable for all of the material and relevant conduct of Defendant Mr. Behre, including the negligent conduct that is set forth in this

complaint.

11. At all material times, Plaintiff, Vivian Lingenfelter-Repique, was operating and utilizing her vehicle in a safe and reasonable manner.

12. Defendant NTO Express, a foreign corporation with a principal place of business at the address set forth in the Caption, was and is authorized to do business throughout the Commonwealth of Pennsylvania, which it does regularly, and for which it receives revenue.

13. At all material times, Defendant Mr. Behre was operating his vehicle in Pennsylvania, subjecting him to jurisdiction under Pennsylvania law.

14. On August 4, 2017, at approximately 10pm, the Plaintiffs were traveling westbound on the Pennsylvania Turnpike when the Defendant, Mr. Behre, whose tractor trailer was also traveling westbound, attempted to merge into the right lane in which the Plaintiffs vehicle was traveling.

15. At that time Mr. Behre's tractor trailer struck the left rear area of the Plaintiffs' vehicle with his right front bumper, causing the Plaintiffs' vehicle to spin counterclockwise across the left lane, ultimately making impact with the turnpike's concrete barrier at a high rate of speed.

16. As a result of the subject incident and the negligent conduct of all the party-defendants, Ms. Lingenfelter-Repique has sustained serious and permanent injuries, including severe neurologic injuries and significant conscious pain and suffering, as well as anxiety and other physiological, psychological and functional disturbances, the full extent of which injuries, conditions and disturbances are not yet known, and some or all of which may be permanent in nature.

17. As a result of the subject incident and the negligent conduct of all the party-

defendants, Mr. Repique has sustained serious and permanent injuries, including a compression fracture of the spine and lower back strain, and significant conscious pain and suffering, as well as anxiety and other physiological, psychological and functional disturbances, the full extent of which injuries, conditions and disturbances are not yet known, and some or all of which may be permanent in nature.

18. As a result of the subject incident and the negligent conduct of all the party-defendants, Mr. Repique has suffered and may continue in the future to suffer loss of earnings and/or earning capacity; he is required and may continue in the future to require medical care, surgical care and hospital care, and has incurred and may in the future continue to incur expenses for medicines, hospital and medical care to attend to, treat and attempt to alleviate, minimize and/or cure his conditions.

19. As a result of the subject incident and the negligent conduct of all the party-defendants, Ms. Lingenfelter-Repique and Mr. Repique, have suffered injuries that have precluded them from and may in the future preclude them from enjoying the ordinary pleasures of life, and participating in their ordinary activities and obligations. Further, they have suffered and may in the future continue to suffer pain, mental anguish, loss of well-being and other such intangible losses.

<u>**COUNT I**</u>
**Vivian Lingenfelter- Repique v. Henok Behre**
**NEGLIGENCE**

20. Plaintiff incorporates by reference all of the above paragraphs as if set forth more fully herein.

21. This motor vehicle collision was the direct result of the negligence, carelessness, and or recklessness of the defendant, Mr. Behre, in operating his tractor trailer, and not the result

of any act or failure to act by the Plaintiff.

    22.    The negligence, carelessness, and or recklessness of the defendant, which was the sole cause of the aforementioned motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

a. Mr. Behre's failure to operate the tractor at a safe speed;

b. Mr. Behre's failure to maintain proper control over the tractor;

c. Mr. Behre's failure to maintain a proper and adequate lookout;

d. Mr. Behre's failure to properly steer and otherwise reasonably control the tractor;

e. Mr. Behre's failure to maintain proper control or take the proper precaution to safely change lanes on the interstate;

f. Mr. Behre's failure to perceive the presence of the Plaintiffs before changing lanes into their lane of travel;

g. Mr. Behre's failure to operate the tractor with due care and respect for the safety of others, including the Plaintiffs;

h. Mr. Behre's failure to take the appropriate precautions to avoid the accident;

i. Mr. Behre's failure to follow policies and procedures for the safe operation of the tractor;

j. Mr. Behre's failure to use due care under the circumstances;

k. Such other negligent acts and/or omissions constituting carelessness and negligence as may be ascertained during discovery or at the trial of this case.

23. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

24. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25. As an additional result of the carelessness, negligence and/or recklessness of the defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26. As a further result of Plaintiff's injuries, she has in the past, and is presently and may in the future undergo great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Further, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in this present action.

**WHEREFORE**, Plaintiff, Ms. Lingenfelter-Repique, demands judgment in her favor and against Defendant, Mr. Behre, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Philip Repique v. Henok Behre
### NEGLIGENCE

28. Plaintiff incorporates by reference all of the above paragraphs as if set forth more fully herein.

29. This motor vehicle collision was the direct result of the negligence, carelessness, and or recklessness of the defendant, Mr. Behre, in operating his tractor trailer, and not the result of any act or failure to act by the Plaintiff.

30. The negligence, carelessness, and or recklessness of the defendant, which was the sole cause of the aforementioned motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a. Mr. Behre's failure to operate the tractor at a safe speed;

    b. Mr. Behre's failure to maintain proper control over the tractor;

    c. Mr. Behre's failure to maintain a proper and adequate lookout;

    d. Mr. Behre's failure to properly steer and otherwise reasonably control the tractor;

    e. Mr. Behre's failure to maintain proper control or take the proper precaution to safely change lanes on the interstate;

    f. Mr. Behre's failure to perceive the presence of the Plaintiffs before changing lanes into their lane of travel;

    g. Mr. Behre's failure to operate the tractor with due care and respect for the safety of others, including the Plaintiffs;

    h. Mr. Behre's failure to take the appropriate precautions to avoid the accident;

    i. Mr. Behre's failure to follow policies and procedures for the safe operation of the tractor;

      j.   Mr. Behre's failure to use due care under the circumstances;

      k.   Such other negligent acts and/or omissions constituting carelessness and negligence as may be ascertained during discovery or at the trial of this case.

31.   As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

32.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33.   As an additional result of the carelessness, negligence and/or recklessness of the defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34.   As a further result of Plaintiff's injuries, he has in the past, and is presently and may in the future undergo great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35.   Further, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, <u>et. Seq.</u>, as amended, for which she makes a claim for payment in this present action.

**WHEREFORE**, Plaintiff, Mr. Repique, demands judgment in his favor and against

Defendant, Mr. Behre, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Vivian Lingenfelter-Repique v. NTO Express, LLC.
### RESPONDEAT SUPERIOR

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if more fully set forth at length herein.

37. The negligence, recklessness and/or carelessness of the Defendant, NTO, itself and by and through its agent, servant and/or employee, defendant Mr. Behre, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Mr. Behre's failure to operate the tractor at a safe speed;

   b. Mr. Behre's failure to maintain proper control over the tractor;

   c. Mr. Behre's failure to maintain a proper and adequate lookout;

   d. Mr. Behre's failure to properly steer and otherwise reasonably control the tractor;

   e. Mr. Behre's failure to maintain proper control or take the proper precaution to safely change lanes on the interstate;

   f. Mr. Behre's failure to perceive the presence of the Plaintiffs before changing lanes into their lane of travel;

   g. Mr. Behre's failure to operate the tractor with due care and respect for the safety of others, including the Plaintiffs;

   h. Mr. Behre's failure to take the appropriate precautions to avoid the

    accident;

  i. Mr. Behre's failure to follow policies and procedures for the safe operation of the tractor;

  j. Mr. Behre's failure to use due care under the circumstances;

  k. Such other negligent acts and/or omissions constituting carelessness and negligence as may be ascertained during discovery or at the trial of this case.

38. As a direct and consequential result of negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

39. As a result of these injuries, all which are permanent in nature and all of which are to Plaintiff's great financial loss and detriment, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40. As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with physical injuries suffered.

41. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity all to Plaintiff's further loss and detriment.

42. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Ms. Lingenfelter-Repique, prays for judgment in Plaintiff's favor and against defendant, NTO Express, LLC, in an amount in excess of One Hundred Fifty ($150,000) Dollars, plus all costs and other relief this court deems necessary.

**COUNT IV**
**Philip Repique v. NTO Express, LLC.**
**RESPONDEAT SUPERIOR**

43. Plaintiff incorporates the foregoing paragraphs of this Complaint as if more fully set forth at length herein.

44. The negligence, recklessness and/or carelessness of the Defendant, NTO, itself and by and through its agent, servant and/or employee, defendant Mr. Behre, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a. Mr. Behre's failure to operate the tractor at a safe speed;

    b. Mr. Behre's failure to maintain proper control over the tractor;

    c. Mr. Behre's failure to maintain a proper and adequate lookout;

    d. Mr. Behre's failure to properly steer and otherwise reasonably control the tractor;

    e. Mr. Behre's failure to maintain proper control or take the proper precaution to safely change lanes on the interstate;

    f. Mr. Behre's failure to perceive the presence of the Plaintiffs before changing lanes into their lane of travel;

    g.  Mr. Behre's failure to operate the tractor with due care and respect for the safety of others, including the Plaintiffs;

    h.  Mr. Behre's failure to take the appropriate precautions to avoid the accident;

    i.  Mr. Behre's failure to follow policies and procedures for the safe operation of the tractor;

    j.  Mr. Behre's failure to use due care under the circumstances;

    k.  Such other negligent acts and/or omissions constituting carelessness and negligence as may be ascertained during discovery or at the trial of this case.

45.    As a direct and consequential result of negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

46.    As a result of these injuries, all which are permanent in nature and all of which are to Plaintiff's great financial loss and detriment, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

47.    As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with physical injuries suffered.

48.    As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity all to Plaintiff's further loss and detriment.

49. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Mr. Repique, prays for judgment in Plaintiff's favor and against defendant, NTO Express, LLC, in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

**COUNT V**
**Vivian Lingenfelter-Repique v. NTO Express, LLC.**
**NEGLIGENT ENTRUSTMENT**

50. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth more fully at length herein.

51. The negligence and/or carelessness of the defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resulting injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Permitting defendant, Mr. Behre to operate the tractor trailer without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting defendant, Mr. Behre to operate the tractor trailer when Defendant, NTO, knew, or in the exercise of due diligence, should have known that defendant, Mr. Behre, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that defendant,

      NTO, knew, or in the exercise of due care and diligence should have known, that Plaintiff would be exposed to the Defendant, Mr. Behre's negligent operation of the tractor trailer.

52. As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered carious various and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

53. As a result of these injuries, all which are permanent in nature and all of which are to Plaintiff's great financial loss and detriment, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

54. As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with physical injuries suffered.

55. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity all to Plaintiff's further loss and detriment.

56. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Responsibility Law, 75 Pa.C.S. Section 1701, <u>et. Seq.</u>, as amended, for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Ms. Lingenfelter-Repique, prays for judgment in Plaintiff's favor and against defendant, NTO Express, in an amount in excess of One Hundred and Fifty

Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

## COUNT VI
### Philip Repique v. NTO Express, LLC.
### NEGLIGENT ENTRUSTMENT

57. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth more fully at length herein.

58. The negligence and/or carelessness of the defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resulting injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Permitting defendant, Mr. Behre to operate the tractor trailer without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting defendant, Mr. Behre to operate the tractor trailer when Defendant, NTO, knew, or in the exercise of due diligence, should have known that defendant, Mr. Behre, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that defendant, NTO, knew, or in the exercise of due care and diligence should have known, that Plaintiff would be exposed to the Defendant, Mr. Behre's negligent operation of the tractor trailer.

59. As a direct and consequential result of the negligent, reckless and/or careless conduct of the defendant, described above, the Plaintiff suffered carious various and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

60. As a result of these injuries, all which are permanent in nature and all of which are to Plaintiff's great financial loss and detriment, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

61. As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with physical injuries suffered.

62. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity all to Plaintiff's further loss and detriment.

63. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Mr. Repique, prays for judgment in Plaintiff's favor and against defendant, NTO Express, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

<u>**COUNT VII**</u>
**Vivian Lingenfelter-Repique v. NTO Express, LLC and Henok Behre**
**LOSS OF CONSORTIUM**

64. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth more fully at length herein.

65. At all times relevant herein, Plaintiff, Vivian Lingenfelter-Repique, was and is the wife of the Plaintiff, Philip Repique, and was and is entitled to the services, companionship,

support, assistance, society, comfort, happiness and other marital expectations of the Plaintiff, Philip Repique.

66. As a direct and proximate result of the injuries and losses suffered by the Plaintiff, Philip Repique, Plaintiff, Vivian Lingenfelter-Repique, has been deprived of the services, companionship, support, assistance, society, comfort, happiness and other marital expectations of the Plaintiff, Philip Repique, and such deprivation and impairment may and/or will continue into the future, all to the great harm and detriment and loss of the Plaintiff, Vivian Lingenfelter-Repique.

**WHEREFORE**, Plaintiff, Vivian Lingenfelter-Repique, demands judgment in her favor and against the Defendants, Henok Behre and NTO Express, LLC, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

### COUNT VIII
### Philip Repique v. NTO Express, LLC and Henok Behre
### LOSS OF CONSORTIUM

67. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth more fully at length herein.

68. At all times relevant herein, Plaintiff, Philip Repique, was and is the husband of the Plaintiff, Vivian Lingenfelter-Repique, and was and is entitled to the services, companionship, support, assistance, society, comfort, happiness and other marital expectations of the Plaintiff, Vivian Lingenfelter-Repique.

69. As a direct and proximate result of the injuries and losses suffered by the Plaintiff, Vivian Lingenfelter-Repique, Plaintiff, Philip Repique, has been deprived of the services, companionship, support, assistance, society, comfort, happiness and other marital expectations of

the Plaintiff, Vivian Lingenfelter-Repique, and such deprivation and impairment may and/or will continue into the future, all to the great harm and detriment and loss of the Plaintiff, Philip Repique.

**WHEREFORE**, Plaintiff, Philip Repique, demands judgment in his favor and against the Defendants, Henok Behre and NTO Express, LLC, in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, plus all costs and other relief this court deems necessary.

Respectfully submitted,

**LOCKS LAW FIRM**

Dated:   January 31, 2019

By:   /s/ *Marc P. Weingarten*
MARC P. WEINGARTEN, ESQUIRE
TIMOTHY A. BURKE, ESQUIRE *Pro Hoc Vice* Admission Pending
**Attorneys for Plaintiff**